UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| STATE NATIONAL INSURANCE COMPANY, | | |
| | Plaintiff, | 26-CV-491 (JPO) |
| -v- | | ORDER |
| BLAKE CAMARDELLE, | | |
| | Defendant. | |

J. PAUL OETKEN, District Judge:

On June 18, 2026, Defendant Blake Camardelle, proceeding *pro se*, submitted a letter

seeking to set aside the default judgment issued against him on the grounds that his default

"resulted from excusable neglect rather than any disregard for the Court's procedures." (ECF

No. 23 at 1.) Plaintiff State National Insurance Company filed a letter in opposition on July 1,

2026. (ECF No. 25.)

Under Rule 55(c) of the Federal Rules of Civil Procedure, "[t]he court may set aside an

entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)."

Fed. R. Civ. P. 55(c). "Where, as here, a judgment of default has been entered, a motion to set

aside that default is pursuant to Rule 60[ ]of the Federal Rules of Civil Procedure." *Cablevision

Sys. NY City Corp. v. James*, No. 01-CV-8170, 2008 WL 821513, at *1 (E.D.N.Y. Mar. 24,

2008).

Camardelle has not made the showing of "excusable neglect" required by Rule 60(b).

Camardelle contends that he did not receive the Court's order setting his response deadline to

June 9, 2026 until after that deadline had already passed. (ECF No. 23 at 1.) He also points to

significant hardship his family has faced since the commencement of this action and to his

ongoing efforts to secure legal representation. (*Id.*) Plaintiff, however, timely served its motion

for default judgment, as well as the Court's order setting Camardelle's deadline to respond to the default judgment, on Camardelle by both mail and email in May 2026.  (*See* ECF Nos. 19, 21.) Although Camardelle alleges that he "did not receive the Court's notice until after June 9," he does not explain how or why this is so.  (ECF No. 23 at 1.)  And while the Court is sympathetic to the hardships Camardelle and his family may be confronting in the aftermath of this action, such extenuating circumstances, which are in the "reasonable control" of Camardelle, do not amount to "excusable neglect" under the stringent requirements of Rule 60(b).  *See Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003); *see also Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) ("Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances.").

Accordingly, Camardelle's request to set aside the default judgment and reopen the case is DENIED.

SO ORDERED.

Dated: July 2, 2026
New York, New York

_____
J. PAUL OETKEN
United States District Judge

2